IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SEAN P.,[1]

    Plaintiff,

v.

FRANK BISIGNANO,[2]
Commissioner of Social Security,

    Defendant.

Case No. 3:24-cv-00264-SLG

## ORDER ON MOTION TO DISMISS UNDER 12(b)(6)

On December 4, 2024, self-represented litigant Sean P. ("Plaintiff") filed a Social Security Complaint with this Court, seeking judicial review of unfavorable decisions made by the Social Security Administration.[3] On the same date, Plaintiff filed an Application to Waive the Filing Fee.[4] On February 3, 2025, Defendant Commissioner of the Social Security Administration ("Commissioner"), filed a

---

[1] Plaintiff's name is partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] As of May 7, 2025, Frank Bisignano is the Commissioner of the Social Security Administration and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 U.S.C. 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[3] Docket 1.

[4] Docket 3.

motion to dismiss for failure to state a claim upon which relief may be granted.[5] Plaintiff filed a response to the Commissioner's motion to dismiss on February 25, 2025.[6] The Commissioner filed a reply on March 10, 2025.[7] Because Plaintiff has failed to exhaust his administrative remedies and has failed to adequately support an exception to exhaustion, Defendant's Motion to Dismiss is GRANTED.

I. STATEMENT OF FACTS[8]

On January 5, 2024, the Social Security Administration ("SSA") sent Plaintiff a Notice of Change in Payment, reducing Plaintiff's benefits for periods during 2021, 2022, and 2023.[9] Plaintiff submitted a Request for Reconsideration to the agency of the notice on February 9, 2024; at the end of the request, he wrote, "I request a ALJ hearing."[10] The SSA then sent Plaintiff a Notice of Overpayment dated October 18, 2024.[11] According to the SSA's records, Plaintiff filed a Request for Reconsideration on October 21, 2024.[12] Plaintiff disputes that he filed the

---

[5] Docket 5.

[6] Docket 6.

[7] Docket 7.

[8] The Statement of Facts is limited to those facts necessary to decide the motions before the Court.

[9] Docket 7-1 at 2.

[10] Docket 1-1 at 2–3; Docket 7-1 at 2.

[11] Docket 1-2 at 1–6; Docket 5-2 at 1–6.

[12] Docket 5-1 at 2.

Sean P. v. Bisignano, Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 2 of 13
Case 3:24-cv-00264-SLG   Document 14   Filed 07/28/25   Page 2 of 13

October 2024 request and contends that he specifically refrained from responding to the Notice of Overpayment because he feared it would result in the withdrawal of his February request for reconsideration of the Notice of Change in Payment.[13] As of the date of the Commissioner's reply brief in March 2025, the Commissioner has indicated that both of Plaintiff's requests for reconsideration, regarding the Notice of Change in Payment dated January 5, 2024, and the Notice of Overpayment dated October 18, 2024, are still pending before the SSA.[14]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  On a Rule 12(b)(6) motion, a court accepts all well-pleaded factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party.[15]  A court may not dismiss a "complaint containing allegations that, if proven, present a winning case . . . no matter how unlikely such winning outcome may appear to the district court."[16]  However, a court need not accept as true allegations that contradict the complaint's exhibits, documents incorporated by reference, or matters properly subject to judicial notice.[17]

---

[13] Docket 6 at 3–5.

[14] Docket 7-1 at 2–3.

[15] *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 783 (9th Cir. 2012) (citation omitted).

[16] *Balderas v. Countrywide Bank, N.A.,* 664 F.3d 787, 791 (9th Cir. 2011).

[17] *Lazy Y Ranch Ltd. V. Behrens,* 546 F. 3d 580, 588 (9th Cir. 2008); *Sprewell v. Golden State*

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 3 of 13
Case 3:24-cv-00264-SLG     Document 14     Filed 07/28/25     Page 3 of 13

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[18] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[19]

### III. DISCUSSION

Liberally construed, Plaintiff's Complaint seeks judicial review of the Notice of Change in Payment and the Notice of Overpayment issued by the SSA.[20] Plaintiff maintains that the alleged overpayment of Social Security Income ("SSI") is erroneous because the SSA failed to consider the source of funds, which he identifies as the Alaska Permanent Fund Dividend ("PFD"). He alleges that the SSA was aware of his receipt of the PFD based on information provided by the Alaska Department of Health and Social Services ("DHSS") and the "hold harmless" agreement between the SSA and Alaska.[21] For relief, Plaintiff requests

---

*Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

[18] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[19] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[20] Docket 6.

[21] Docket 1 at 10.

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 4 of 13

Case 3:24-cv-00264-SLG   Document 14   Filed 07/28/25   Page 4 of 13

that this Court vacate or otherwise set aside his "overpayment case" and dismiss it with prejudice.[22]

Plaintiff also alleges violations of his rights under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") due to the SSA's failure to provide reasonable accommodation of his disability in the appeals process. He contends that his request for an extension of time to file an appeal and for a hearing before an Administrative Law Judge ("ALJ") included in his February 2024 reconsideration request constituted requests for reasonable accommodations, which the SSA failed to grant.[23]

Additionally, Plaintiff asserts the SSA violated his constitutional right to due process by failing to provide him with a hearing before an ALJ after he had requested one and by delaying for approximately nine months before sending the Notice of Overpayment, which did not address his request for reconsideration of the Notice of Change in Payment he submitted to the agency on February 9, 2024.[24]

The Commissioner has filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Commissioner asserts that Plaintiff has failed to exhaust his

---

[22] *Id.* at 17.

[23] *Id.* at 13–15.

[24] Docket 6 at 16–18.

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 5 of 13
Case 3:24-cv-00264-SLG   Document 14   Filed 07/28/25   Page 5 of 13

administrative remedies because Plaintiff's two requests for reconsideration are still pending before the agency.[25] The Commissioner emphasizes that because Plaintiff's requests are still pending reconsideration, this could result in the overpayment being removed from Plaintiff's record by the agency and if not, Plaintiff would then have the right to request an administrative hearing before an ALJ, the same right as any other claimant.[26]

In his response to the Commissioner's motion, Plaintiff clarifies that he is appealing the Notice of Change in Payment dated January 5, 2024.[27] He contends that the Commissioner's assertion that he has not exhausted his administrative remedies is incorrectly based on the subsequent request for reconsideration of the Notice of Overpayment that he claims he never sent to the SSA.[28] Plaintiff asks the Court to compel the Commissioner to produce a copy of that reconsideration request.[29]

As explained below, the Court agrees with the SSA that Plaintiff has not exhausted his administrative remedies and has failed to state a claim upon which relief may be granted at this time.

---

[25] Docket 5 at 3.

[26] *Id.* at 8.

[27] Docket 6 at 4–5.

[28] *Id.* at 3–5.

[29] *Id.* at 19.

Sean P. v. Bisignano, Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 6 of 13
Case 3:24-cv-00264-SLG    Document 14    Filed 07/28/25    Page 6 of 13

## A. Plaintiff Has Failed to Exhaust his Administrative Remedies.

Before filing a complaint against the SSA in federal court, a litigant must exhaust his administrative remedies and file with the court the final decision from the Commissioner.[30] The Commissioner's decision "is not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits"[31] or dismisses a request for review as untimely.[32] The appeal process is the same for a denial of SSI benefits and for non-medical related issues, such as an alleged overpayment.[33] There are three levels of appeal before the agency when a litigant disagrees with the SSA's initial determination: (1) request for reconsideration (Form SSA-561-U2); (2) request a hearing by an administrative law judge (Form HA-501); and (3) request for review by the Appeals Council (Form HA-520).[34] Only after a claimant has pursued each of these steps may he seek relief from the federal district court.

---

[30] The Social Security Act bars suits brought under 28 U.S.C. § 1331 "to recover on any claim arising under" the Social Security Act. 42 U.S.C. § 405(h). Claims arising under the Social Security Act may only be brought in federal court pursuant to the judicial review provisions in 42 U.S.C. § 405(g), which requires exhaustion of administrative remedies. The U.S. Supreme Court has broadly interpreted "arising under" as it is used in Section 405(h) to include constitutional and statutory claims. *Weinberger v. Salfi,* 422 U.S. 749, 760–61 (1975).

[31] *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1162 (9th Cir. 2012).

[32] *Smith v. Berryhill,* 587 U.S. 471, 478–79 (2019).

[33] *See* 20 C.F.R. § 416.1402(c) ("Initial determinations regarding supplemental security income benefits include, but are not limited to, determinations about . . . [w]hether an overpayment of benefits must be repaid to us."); 20 C.F.R. § 404.902 ("Initial determinations are the determinations [the SSA] make[s] that are subject to administrative and judicial review.").

[34] An overview of the process and links to forms may be found on the SSA website at:

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 7 of 13

Case 3:24-cv-00264-SLG    Document 14    Filed 07/28/25    Page 7 of 13

In this case, the Commissioner has stated that Plaintiff filed requests for reconsideration of both the Notice of Change in Payment and the Notice of Overpayment issued by the SSA.[35] Plaintiff disputes filing a request for reconsideration for the Notice of Overpayment dated October 18, 2024, but the SSA asserts that it will process both of Plaintiff's requests and provide him with its decision at a future date.[36] The Court need not resolve that issue at this time. For regardless of whether Plaintiff filed the second request with the agency, the overpayment issue is currently still pending before the agency. In the event Plaintiff is unsatisfied with the SSA's reconsideration determination once it is made, Plaintiff may then proceed to the next step by requesting a hearing before an administrative law judge in a timely manner. Only after he has exhausted his administrative remedies may he seek relief from this Court if he is dissatisfied with the final administrative decision. Nor is there any basis for a judicial waiver of the exhaustion requirement, as a claim must be collateral to a substantive claim of entitlement to merit judicial waiver.[37]

---

https://www.ssa.gov/apply/appeal-decision-we-made (last visited April 10, 2025).

[35] Docket 5-1 at 2; Docket 7-1 at 2–3. .

[36] Docket 6 at 3–5, Docket 7-1 at 2–3. The SSA has not provided a copy of the second request, but Albert Saenz, Program Expert for SSA's Center for Disability & Programs Support, filed a sworn statement that Plaintiff filed a Request for Reconsideration of overpayment on October 21, 2024. *See* Docket 7-1 at 2–3.

[37] *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (holding that a claim may merit judicial waiver of the exhaustion requirement only if it meets three requirements: "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." (*citing Briggs v. Sullivan*, 886 F.2d 1132, 1139

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 8 of 13
Case 3:24-cv-00264-SLG   Document 14   Filed 07/28/25   Page 8 of 13

**B. Plaintiff's Remaining Claims Cannot Proceed At This Time.**

Liberally construed, Plaintiff alleges that the SSA violated his due process rights under the Fifth Amendment and violated his rights under the ADA and Section 504.

**1. Due Process Claim**

"An exception to [the administrative remedies exhaustion] rule exists for any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."[38] However, "the claim must be supported by facts sufficient to state a violation of substantive or procedural due process."[39]

Plaintiff alleges the SSA violated his due process rights by: (1) waiting approximately nine months after his request for reconsideration of the Notice of Change in Payment before issuing the Notice of Overpayment; and (2) failing to provide a fair hearing.[40] Plaintiff also appears to allege that because he requested a hearing before an ALJ in his request for reconsideration on February 8, 2024,

---

(9th Cir. 1989))).

[38] *Dexter v. Colvin,* 731 F.3d 977, 980 (9th Cir. 2013) (internal citations and quotation omitted).

[39] *Klemm v. Astrue,* 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotations and citation omitted).

[40] Docket 1 at 11–15.

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 9 of 13
Case 3:24-cv-00264-SLG     Document 14     Filed 07/28/25     Page 9 of 13

the SSA's issuance of the Notice of Overpayment in October 2024 instead of granting the hearing was also a violation of his due process rights.[41]

Although excessive delay by an agency in processing a claim may rise to the level of a due process violation, delay alone is generally not enough.[42] Moreover, Plaintiff has not provided facts showing that the SSA prevented him from a meaningful opportunity to be heard or prevented him from seeking reconsideration of either of the SSA's notices.[43] Importantly, the Commissioner has acknowledged that Plaintiff filed requests for reconsideration and that these requests are still pending before the agency.[44] And if Plaintiff is dissatisfied with the agency's determination on reconsideration, Plaintiff then has the right to an administrative hearing before an ALJ.

In sum, Plaintiff's allegations do not support a colorable claim of a violation of his Fifth Amendment due process rights and do not warrant a judicial waiver of the exhaustion requirement before Plaintiff may seek judicial review.

---

[41] *Id.* at 12–15; Docket 6 at 11.

[42] *See Coe v. Thurman,* 922 F.2d 528, 531 (9th Cir. 1990) (When considering whether administrative delay violates a claimant's Fifth Amendment rights, "there is no talismanic number of years or months, after which due process is automatically violated."); *Wright v. Califano,* 587 F.2d 345, 353–54 (7th Cir. 1978) (The passage of time alone is rarely enough to justify a court's intervention, particularly because "administrative efficiency is not a subject particularly suited to judicial evaluation[.]").

[43] *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.") (internal quotations and citations omitted).

[44] Docket 7-1 at 2–3.

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 10 of 13
Case 3:24-cv-00264-SLG     Document 14     Filed 07/28/25     Page 10 of 13

## 2. Americans with Disabilities Act and Section 504

Plaintiff alleges that the ADA and Section 504 of the Rehabilitation Act allow a disabled person "to proceed without exhaustion of administrative remedies." He alleges the SSA violated both statutes by refusing to grant him reasonable accommodations, "which should have been in the form of an answer to appellant's request for accommodations and granting and scheduling a hearing before an ALJ."[45]

Both the ADA and Section 504 prohibit discrimination on the basis of disability.[46] Because the SSA is a federal agency, it is not subject to any claims under the ADA.[47] However, the SSA is required to provide reasonable accommodations under Section 504, which prohibits discrimination against individuals with disabilities in federally funded programs.[48] To state a claim for relief under Section 504 against a federal agency, a plaintiff must show that (1) he is disabled within the meaning of Section 504; (2) he is "otherwise qualified" for the benefit or services sought; and (3) he was denied the benefit or services solely by reason of his disability.[49]

---

[45] Docket 1 at 11.

[46] *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002).

[47] *See* 42 U.S.C. §12131(1).

[48] *See* 29 U.S.C. § 794.

[49] *See Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997) (emphasis omitted).

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 11 of 13
Case 3:24-cv-00264-SLG    Document 14    Filed 07/28/25    Page 11 of 13

Plaintiff has not stated a claim for relief under Section 504. He alleges that he requested a hearing, but he did so in a sentence at the end of a document he titled Request for Reconsideration. The agency is processing that request, and will accord him a hearing if its determination is unfavorable to Plaintiff. He has not plausibly alleged any facts indicating that the agency denied him a hearing because of his disability. As with Plaintiff's due process claim, his Section 504 claim is not sufficient to exempt Plaintiff from exhausting his administrative remedies.

Further, the Court finds amendment would be futile as to both the constitutional and statutory claims because Plaintiff's claim at its core is challenging the Notice of Overpayment for which Plaintiff has not exhausted his administrative remedies or shown a plausible exception to the exhaustion requirement.[50]

## IV. ASSISTANCE

If Plaintiff needs assistance with the next step in the administrative appeal process, Plaintiff may contact any Social Security office. The telephone number of the Social Security Administration is: 1-800-772-1213. The local office in

---

[50] *See generally Califano v. Sanders*, 430 U.S. 99, 108 (1977); 42 U.S.C. § 405(h).

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 12 of 13

Case 3:24-cv-00264-SLG    Document 14    Filed 07/28/25    Page 12 of 13

Anchorage is located at Room A11, 222 W. 8th Avenue, Anchorage, Alaska 99513, and the telephone number is: 1-866-772-3081. Plaintiff may also seek legal representation from an attorney or advice from a nonprofit organization equipped to offer legal services.

## V. CONCLUSION

Plaintiff has not exhausted his administrative remedies with the Social Security Administration and has not plausibly alleged facts to support a judicial waiver of the exhaustion requirement. Plaintiff has not plausibly alleged facts that the SSA prevented him from a meaningful opportunity to be heard or that the SSA failed to provide reasonable accommodations of his disability. Therefore, Plaintiff's Complaint does not state a claim upon which relief can be granted and the Commissioner's Motion to Dismiss at Docket 5 is GRANTED. Plaintiff's Application to Waive the Filing Fee at Docket 3 is DENIED as moot. This case is DISMISSED without prejudice to Plaintiff filing a new case in this Court in the event of a final agency decision adverse to Plaintiff. The Court directs the Clerk of Court to enter judgment in favor of Defendant and close this case accordingly.

**IT IS SO ORDERED** this 28th day of July, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

*Sean P. v. Bisignano,* Case No. 3:24-cv-00264-SLG
Order on Motion to Dismiss
Page 13 of 13
Case 3:24-cv-00264-SLG   Document 14   Filed 07/28/25   Page 13 of 13